JAMES A. RICHARDS, EMPLOYEE-PLAINTIFF v. TOWN OF VALDESE, EMPLOYER-DEFENDANT, SELF INSURED TO THE MUNICIPAL TRUST, (ADMINISTERED BY HEWITT, COLEMAN AND ASSOCIATES), CARRIER-DEFENDANT

No. 8810IC368

(Filed 6 December 1988)

1. **Master and Servant § 65.2— workers' compensation—back injury—injury by accident or from specific traumatic incident**

    A back injury claimant under the Workers' Compensation Act may proceed under the theory that he was injured by accident, that is, by an unlooked for and untoward event which was not expected or designed by the claimant, or he may prove that his injury arose from a specific traumatic incident.

2. **Master and Servant § 65.2— workers' compensation—back injury—specific traumatic incident—definition—firefighter jumping on and off truck**

    Through the 1983 amendment to N.C.G.S. § 97-2(6), the General Assembly did not intend to limit the definition of specific traumatic incident to an instantaneous occurrence; rather, events which occur contemporaneously, during a cognizable time period, and which cause a back injury, do fit the definition intended by the legislature. The Industrial Commission erred in concluding that claimant suffered no injury as a result of a specific traumatic incident where claimant presented evidence that he repeatedly jumped on and off fire trucks

for a fifteen hour period, nine of those hours in full gear; he normally did not have to wear his gear for an extended period or jump on and off trucks; and though claimant could point to no specific instant in time when his back began to hurt, he could point to a series of contemporaneous events which could have caused his injury.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award filed 15 January 1988. Heard in the Court of Appeals 1 November 1988.

On 25 June 1987, Deputy Commissioner Winston L. Page, Jr. entered an opinion and award denying plaintiff's claim for benefits. Plaintiff appealed to the Full Commission.

The evidence presented and the findings of fact adopted by the Full Commission tend to show the following.

On 4 April 1985, and for approximately 15 years prior, plaintiff was a volunteer fireman for the town of Valdese. He was primarily employed as a police officer for the town of Drexel, North Carolina. For approximately twenty years plaintiff had suffered from intermittent lower back pain with pain radiating into his lower extremities. His back pains were usually caused by heavy manual labor.

As a volunteer fireman, plaintiff's duties included riding on the pumper trucks, rolling out and attaching hoses which weighed approximately twenty-five pounds, operating the nozzle of the hose, spraying water, and cleaning up after a fire was extinguished. Plaintiff was also required to roll up the hoses and place them on the trucks after fires were extinguished.

On 4 April 1985, plaintiff was called to fight a quickly spreading woods fire near Valdese. Eventually the fire spread into the town itself and required a prolonged fight. Plaintiff worked at several different fire sites and during the first several hours of his work, he wore full fire gear which included boots, coat, pants, helmet and gloves. Plaintiff continued to fight fires until the early morning hours of 5 April, when he began experiencing back pain and was relieved from duty.

Plaintiff sought medical treatment for his back pain and eventually underwent surgery to remove a herniated disk.

From the Opinion and Award by the Full Commission denying his claim for benefits, plaintiff appeals.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, by C. Scott Whisnant, for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson and Howard M. Widis, for defendant appellee.*

ARNOLD, Judge.

[1] N.C.G.S. § 97-2(6), as amended in 1983, defines injury under the Workers' Compensation Act as follows:

> Injury.—"Injury and personal injury" shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident. With respect to back injuries, however, where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

The amendment supplements the original definition of an accident, and provides a back injury claimant two theories on which to proceed. *See Caskie v. R. M. Butler & Co.,* 85 N.C. App. 266, 354 S.E. 2d 242 (1987).

The first option presented a back injury claimant is to prove that he or she was injured by an accident. N.C.G.S. § 97-2(6) (Cum. Supp. 1987). The North Carolina Supreme Court has defined accident as an unlooked for and untoward event, which is not expected or designed by the injured person. *Adams v. Burlington Industries,* 61 N.C. App. 258, 260, 300 S.E. 2d 455, 456 (1983); *Hensly v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289 (1957).

The second option presented to a back injury claimant is to prove that his injury arose from a specific traumatic incident. N.C.G.S. § 97-2(6) (Cum. Supp. 1987); *see Caskie,* 85 N.C. App. 266, 354 S.E. 2d 242 (1987).

[2] The Full Commission adopted the Deputy Commissioner's conclusions that, as a matter of law, Richards sustained a back injury neither as a result of an accident, nor as a result of a specific traumatic injury. The conclusion that Richards suffered no injury

as a result of a specific traumatic injury is error for the reasons stated below, and the judgment must be vacated and the cause remanded. *See Roach v. Lupoli Construction Co.*, 88 N.C. App. 271, 362 S.E. 2d 823 (1987).

The findings of fact by the Industrial Commission are conclusive on appeal, if there is any competent evidence to support them, and even if there is evidence that would support contrary findings. *Adams*, 61 N.C. App. 258, 300 S.E. 2d 455 (1983); *Jackson v. Highway Commission*, 272 N.C. 697, 158 S.E. 2d 865 (1968). Conclusions of law based on these findings, however, are subject to review by the appellate courts. *Anderson v. A. M. Smyre Mfg. Co.*, 54 N.C. App. 337, 283 S.E. 2d 433 (1981); *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E. 2d 105 (1980).

The 1983 amendment to N.C.G.S. § 97-2(6) relaxes the requirement that there be some unusual circumstance that accompanies a back injury. *Bradley v. E. B. Sportswear, Inc.*, 77 N.C. App. 450, 452, 335 S.E. 2d 52, 53 (1985). We believe that through the amendment, the General Assembly also recognized the complex nature of back injuries, and did not intend to limit the definition of specific traumatic incident to an instantaneous occurrence. Back injuries that occur gradually, over long periods of time, are not specific traumatic incidents; however, we believe that events which occur contemporaneously, during a cognizable time period, and which cause a back injury, do fit the definition intended by the legislature. *Cf. id.* (where trauma or injury must not have developed gradually, but at a cognizable time).

Richards presented evidence which showed that over a period of ten to fifteen hours, he repeatedly had to jump on and off of fire trucks while fighting the fires of 4 April 1985. He normally fights single, stationary fires which do not require this repeated jumping on and off of the fire trucks.

Richards also presented evidence that he wore full fire gear for approximately nine continuous hours on 4 April 1985. He normally does not have to wear his gear that long. Wearing this full gear could also have exacerbated the effect of jumping on and off the fire trucks.

Richards can point to no specific instant in time when his back began to hurt. He can, however, point to a series of contemporaneous events which could have caused his injury.

On remand, the Commission must make findings based on the evidence, and it must make conclusions of law supported by those findings and consistent with legal precedent. *See Roach*, 88 N.C. App. 271, 362 S.E. 2d 823 (1987). We vacate the Commission's 15 January 1988 order and remand the case to the Full Commission for their determination of whether Richards' repeated jumping on and off of the fire trucks in full gear was the "specific traumatic incident" responsible for his injury.

Vacated and remanded.

Judges WELLS and COZORT concur.