The greater weight of the evidence supports the Deputy Commissioners conclusion, based in part on her first-hand evaluation of the witnesses, that the plaintiff's disability did not result from an accident, as defined by the Act. N.C. Gen. Stat. § 97-2(6); Harding v. Thomas Howard Co., 256 N.C. 427,429, 124 S.E.2d 109, 111 (1962); Richards v. Town of Valdese,92 N.C. App. 222, 225, 374 S.E.2d 116 (1988), cert. denied, 324 N.C. 337,378 S.E.2d 799 (1989).
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, and with minor amendments to Findings of Fact 11, 15 and 17, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant.
3. Defendant was a qualified self-insurer.
4. Plaintiff's average weekly wage was $436.80.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff, who is 44 years old, has been employed by defendant for 15 years.
2. In October 1993 plaintiff worked in the lamination department grinding and laminating decks and bulkheads of boats. It was a regular part of plaintiff's job to work long hours on his hands and knees grinding a deck with a pneumatic air grinder. Prior to October 27, 1993, on occasion plaintiff's back would get tired after grinding and he would go to the first aid department for muscle relaxers.
3. On October 27, 1993 plaintiff spent the entire day on his hands and knees grinding a deck. On that day he and a co-worker also had occasion to lift together a box weighing over 100 pounds. Plaintiff told his lead person that afternoon that his back was bothering him.
4. The following day plaintiff reported to the nurse's station first thing in the morning with complaints of low back pain. Plaintiff reported that the day before he had to grind all day in a bent over position and that afternoon he began to experience twinges in his back, which became extremely painful later that evening. Plaintiff did not report injuring his back the day before when he allegedly felt something snap and crunch in his back while lifting the box.
5. Defendant referred plaintiff to Dr. Moore for treatment. Plaintiff saw Dr. Moore three times in the two weeks following the injury and never reported injuring his back lifting a box. Instead, plaintiff gave a history of injuring his back from grinding all day. Dr. Moore diagnosed low back strain. X-rays taken on November 4, 1993 revealed degenerative changes in the lower lumbar spine. When plaintiff failed to make satisfactory progress, Dr. Moore referred him to Dr. Vandersea, an orthopaedic surgeon.
6. On plaintiff's first visit with Dr. Vandersea on November 17, 1993 plaintiff gave the same history of injury as that reported to Dr. Moore and the nurse's station. On exam there were no neurologic findings indicative of a ruptured disc, so Dr. Vandersea diagnosed resolving lumbar strain, prescribed medication, and advised plaintiff to continue light duty status at work. Plaintiff gradually improved, and by December 14, 1993 he was released from Dr. Vandersea's care to return to full duty work with no permanent disability. During this period plaintiff did not tell Dr. Vandersea that he injured his back lifting a heavy box at work.
7. On January 28, 1994 plaintiff returned to Dr. Vandersea with a flare-up of his low back pain brought on by pushing a cart at work. Plaintiff reported the onset of discomfort in his back while pushing the tool cart, with some radiation into the left buttock and posterior thigh. Neurologic exam, however, was normal. Dr. Vandersea diagnosed acute lumbar strain, prescribed medication, and wrote plaintiff out of work for at least five days. By February 8, 1994 plaintiff was significantly improved and he was released to return to regular work the following day.
8. Plaintiff returned to Dr. Vandersea again on March 1, 1994 complaining of low back pain radiating to both thighs. On this exam he exhibited positive straight leg raising, which prompted Dr. Vandersea to order an MRI, the results of which revealed a large disc protrusion at L4-5. He was advised to consider surgery.
9. When plaintiff returned to Dr. Vandersea on March 22, 1994 to advise that he would like to pursue the surgery, he told Dr. Vandersea for the first time that he thought he injured his back on October 27, 1993 lifting a heavy box.
10. Plaintiff underwent laminectomy and discectomy on April 14, 1994. He did well post-operatively and was released to return to work with no lifting greater than 40 pounds on July 26, 1994, but defendant did not have light duty work available.
11. Based upon the medical records and the evaluation of the Deputy Commissioner, the undersigned does not accept as credible plaintiff's testimony that he injured his back on October 27, 1993 lifting a box with a co-worker. He never mentioned this alleged injury until after his claim was denied, he had retained an attorney, and he had found out he was going to need surgery.
12. The onset of plaintiff's back problems on October 27, 1993 which resulted in time out of work until December 14, 1993, when he was released with no permanent disability, was not associated with an interruption of plaintiff's regular work routine or a specific traumatic incident. On October 27, 1993 plaintiff experienced the gradual onset of low back pain while performing his usual and customary job.
13. On January 28, 1994 plaintiff did sustain an acute lumbar strain arising out of and in the course of his employment with defendant as a result of a specific traumatic incident of the work assigned when he felt the onset of low back pain while pushing a tool cart.
14. There was a change in plaintiff's symptoms between the time he was released to return to regular work on February 8, 1994 and when he returned to Dr. Vandersea on March 1, 1994 with textbook radicular complaints indicative of a herniated disc. The onset of these symptoms in March 1994 was not associated with an interruption of his regular work routine or specific traumatic incident at work.
15. The injury pushing the tool cart on January 28, 1994 did not cause the ruptured disc diagnosed upon the onset of neurologic symptoms after March 1, 1994.
16. As a result of the injury of January 28, 1994 plaintiff was unable to earn the same wages he was earning at the time of the injury in the same or any other employment from January 29, 1994 through February 8, 1994.
17. Plaintiff has failed to show by the greater weight of the evidence that plaintiff retains any permanent disability to his back which is attributable to the acute lumbar strain of January 28, 1994.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant on October 27, 1993.
2. On January 28, 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant which rendered him temporarily and totally disabled from January 29, 1994 through February 8, 1994. N.C.G.S. §§ 97-2(6),97-29. Taking into account the seven-day waiting period of N.C.G.S. § 97-28, plaintiff is entitled to compensation under N.C.G.S. § 97-29 for a period of four (4) days.
3. There is insufficient persuasive evidence that the period of disability after March 1, 1994, the permanent disability associated with the ruptured disc, and need for additional medical treatment was caused by the injury of January 28, 1994. SeeLettley v. Trash Removal Service, 91 N.C. App. 625 (1988). Therefore, plaintiff's claim for compensation after February 18, 1994 must be denied.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability benefits for a period of four-sevenths (4/7ths) week at the rate of $291.35 per week.
2. Defendant shall pay all medical expenses incurred by plaintiff for treatment by Dr. Vandersea from January 28, 1994 through February 8, 1994, when bills for the same have been submitted to and approved by the Industrial Commission.
3. Plaintiff's claims for compensation or medical expenses are otherwise denied.
4. The parties shall each bear their own costs.
5. Defendant shall pay an expert witness fee, of $150.00 to Dr. Moore and $275.00 to Dr. Vandersea.
 S/ _______________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ COY M. VANCE COMMISSIONER
JRW/tmd 3/30/95