The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before former Deputy Commissioner D. Bernard Alston and the briefs and oral arguments before the Full Commission. The appealing party has failed to show good ground to reconsider the evidence, receive additional evidence or to amend the prior Opinion and Award.
Additionally, the Full Commission has considered Defendant's Motion for a New Hearing pursuant to Workers' Compensation Rule 701(7) and N.C. R. Civ. P. 60(b)(2), and Plaintiff's Response thereto. After careful consideration, the Full Commission has determined that defendant has failed to show good ground in support of its Motion and, therefore, said Motion is DENIED.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties hereto are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, the employer employing three or more employees and the employer/employee relationship existing at all times relevant hereto.
2. Plaintiff claims to have suffered an injury by accident arising out of and in the course of his employment on 14 February 1994.
3. Defendant-employer is self-insured, with Key Risk Management Services acting as its servicing agent.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, 52 years of age at the time of hearing, worked for Acoustical Concepts, Incorporated as a laborer. The employer is engaged in the business of installing drywall, drop ceilings and metal studs.
2. Plaintiff had worked for defendant for eleven years prior to February 14, 1994, performing general labor associated with the construction business.
3. On 14 February 1994, plaintiff was working for the employer at a Winn Dixie store located in Elkin, North Carolina. On that occasion, plaintiff was installing the grid work for a drop ceiling. The grid work for a drop ceiling consists of small, lightweight metal T-bars and main runners that criss-cross each other and form the support structure which contains the square acoustical ceiling tiles. The ceiling grid is fastened to wires that are affixed to the roof trusses.
4. While installing the ceiling grid work at the Winn Dixie store in Elkin, North Carolina, plaintiff was standing on top of a 10 foot scaffold.
5. Plaintiff was installing the ceiling grid while standing straight up on the 10 foot scaffold with his arms extending above his head, when he experienced the onset of low back pain. This incident occurred sometime between 11:00 a.m. and 12:00 noon on 14 February 1994.
6. Plaintiff was unable to remove a laser from the scaffold from which he worked on 14 February 1994, due to pain. Other employees had to assist him with this task.
7. Plaintiff visited the emergency room of Wilkes Regional Medical Center on 14 February 1994, subsequent to leaving work.
8. Plaintiff attempted to contact his immediate supervisor, John McFillian, on the evening of 14 February 1994 regarding his injury, but he was unable to reach Mr. McFillian at home. Plaintiff therefore reported his injury to Mr. McFillian the following day, 15 February 1994.
9. Plaintiff has consistently reported when, where and how of his back injury occurred. The injury occurred during his work routine at a cognizable time.
10. Plaintiff suffered from certain pre-existing conditions. The pre-existing conditions included a leg length discrepancy, thoracic scoliosis, degenerative disc disease at L5-S1, with mild spinal stenosis. However, plaintiff was asymptomatic prior to the episode of 14 February 1994.
11. Plaintiff has sustained an injury arising out of and in the course of his employment with defendant which was the direct result of a specific traumatic incident; and his resulting disability and medical treatment are causally related to said injury.
12. Plaintiff's average weekly wage is $421.96 and his compensation rate is $281.32.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by specific traumatic incident to his back arising out of and in the course of his employment with defendant on 14 February 1994. N.C. Gen. Stat. § 97-2(6).
2. When an employee afflicted with a pre-existing infirmity suffers an injury by accident arising out of and in the scope of his employment, and such infirmity materially aggravates the existing infirmity and thereby materially accelerates or aggravates the pre-existing infirmity and thus proximately contributes to the disability of the employee, the injury is compensable. Anderson v. Northwestern Motor Co., 233 N.C. 372,64 S.E.2d 265 (1951).
3. As a result of said injury which is more particularly described in the above findings of fact, plaintiff was disabled as defined by N.C. Gen. Stat. § 97-2(9) from 14 February 1994, to the present date and continuing.
4. In the instant case, plaintiff's injury arose between 11:00 a.m. and 12:00 noon on 14 February 1994, while he was installing ceiling grid. While it is true that plaintiff did not state precisely the moment in time that he injured his back, N.C. Gen. Stat. § 97-2(6) does not require such precision. Richards v.Town of Valdese, 92 N.C. App. 222, 374 S.E.2d 116 (1988), disc.review denied 324 N.C. 337, 378 S.E.2d 799 (1989).
5. Plaintiff fulfilled the notice requirements of N.C. Gen. Stat. § 97-22. Any delay in providing written notice to the employer did not prejudice the employer in any way.
6. Plaintiff is entitled to temporary total disability compensation at the rate of $281.32 per week from 14 February 1994, up through and until the date of this Order, and continuing on a weekly basis until further Order and Directive of the Industrial Commission. N.C. Gen. Stat. § 97-29.
7. Plaintiff is entitled to have defendant provide all reasonable medical treatment arising from his compensable injury. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the attorney's fee awarded herein, defendant shall pay temporary total disability compensation to plaintiff from February 14, 1994, to the date of this Order and continuing until further Order of the Commission.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for the same have been approved pursuant to procedures established by the Industrial Commission.
3. An attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded is approved for plaintiff's counsel which shall be deducted from the aforesaid benefits due to date. In the future, plaintiff's counsel shall be paid twenty-five percent (25%) of all future benefits by receiving every fourth compensation check due to plaintiff directly from defendant.
4. Defendant shall pay the costs.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER