The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission Stanback and briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence and amend the Opinion and Award with regard to plaintiff's entitlement to ongoing benefits.
 *************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Plaintiff alleges that he suffered an injury on 14 November 1994, while employed with defendant.
2. On such date the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date the employer-employee relationship existed between the employee-plaintiff and the employer-defendant.
4. On such date the employer-defendant employed three or more employees.
5. Employer is self-insured.
6. The employee-plaintiff's average weekly wage is determined by Form 22 which is stipulated to by the parties and marked as Stipulated Exhibit #1.
7. The employee-plaintiff is no longer employed by the City of Winston-Salem.
 *************
The Full Commission amends the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-four (34) years of age and had completed the eleventh grade of high school.
2. Plaintiff began employment with the defendant-employer in May 1989 in housekeeping, then began changing tires at the city garage in August 1992. In 1993 he was forced into a job of changing oil due to a back strain. As of February 1994, plaintiff was assigned to driving a fuel truck for defendant-employer, but in September 1994, he received a citation for DWI (Driving While Impaired) and was therefore placed back into the tire shop changing tires. Plaintiff had a fifty-pound weight lifting restriction at this time.
3. Plaintiff had suffered back problems in the areas of the neck and upper back since 1992. He received treatment for pain, inflammation and a cervical strain from various medical care providers.
4. On 14 November 1994, plaintiff was working for defendant-employer in the tire shop changing tires. Although normally plaintiff would have had some assistance in accomplishing his tasks, as a result of a depleted work force on the date in question he changed tires by himself for his entire shift. Plaintiff did not utilize any mechanical assistance to change the tires, and after 11:00 a.m. when plaintiff's supervisor left the tire shop, only the plaintiff and one other individual was left to handle the balance of the day's work load.
5. During the course of his shift while changing tires weighing any where from 100-200 pounds, plaintiff sustained an acute lumbar strain which arose out of and in the course of his employment with defendant-employer and which constituted a specific traumatic incident of the work assigned.
6. Following his shift with defendant-employer, plaintiff reported to his part-time job at Subway and worked four to five hours before going home. Plaintiff began to experience severe back pain once he returned home and relaxed on the couch. Plaintiff had not been involved in strenuous activities nor had he suffered any additional injuries while at Subway or at home.
7. Plaintiff presented to Dr. Stephen Leighton on 15 November 1994, complaining of pain in his lower back. Plaintiff has a long and involved history of back problems, and had been previously treated by Dr. Leighton, primarily for upper and mid-back pain. However, from October through December 1993 and from April through September 1994 plaintiff was seen for lower back problems. After an examination, Dr. Leighton diagnosed plaintiff with an acute lumbar strain, recommended ice packs and analgesics, physical therapy, and gave plaintiff a permanent 35-pound lifting restriction. Dr. Leighton also advised plaintiff not to continue working in the tire shop.
8. Dr. Leighton opined that plaintiff's lumbar strain for which he treated plaintiff, was causally related and was a direct result of plaintiff's overuse of his back during the time period plaintiff repeatedly changed tires on November 14, 1994. Dr. Leighton also indicated that it was not unusual with this type of injury for pain and inflammation to develop once the injured muscles are relaxed. Plaintiff continued treating with Dr. Leighton through September 1996.
9. Plaintiff reported his injury to Terry Orr, his supervisor, on November 15, 1994 and requested work within his 35-pound weight lifting restriction. Plaintiff was advised that no light duty work was available.
10. As a result of his work-related injury of November 14, 1994, plaintiff was temporarily and totally disabled from earning the same or greater wages as his pre-injury wages from November 15, 1994 until on or about 22 November 1994, when his transient acute lumbar symptoms resolved. Prior to the injury of 14 November 1994, plaintiff was predisposed to future back problems which had become chronic in nature. Based on the greater weight of the medical evidence, any further incapacity to earn his pre-injury wages is attributable to plaintiff's pre-existing back condition and not a result of his 14 November 1994 injury.
11. On 6 April 1995, Dr. Leighton rated plaintiff as having a five percent (5%) permanent partial disability to his back. However, the evidence does not establish that this rating is related to the 14 November 1994 injury. Rather, the greater weight of medical testimony supports the conclusion that plaintiff's overall back condition and ultimate permanent partial disability rating are the result of his chronic back condition, including upper, mid, and lower back.
 *************
Based on the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 14 November 1994, plaintiff sustained a transient acute lumbar strain which arose out of and in the course of his employment with defendant-employer and which was a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2
(6); Richards v. Town of Valdese, 92 N.C. App. 222,374 S.E.2d 116 (1988).
2. Plaintiff's transient acute lumbar strain resolved as of 22 November 1994. Accordingly, plaintiff is not entitled to disability compensation, but is limited to the benefits provided for pursuant to N.C. Gen. Stat. § 97-25. N.C. Gen. Stat. § 97-28.
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of his compensable injury on 14 November 14. N.C. Gen. Stat. § 97-25.
 *************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms in part and reverses in part the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on 14 November 1994, when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
2. Defendants shall pay the costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER