***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments on appeal. Based upon the entire record of evidence, the appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the 24 July 2002 hearing as:
 STIPULATIONS
1. The date of the alleged injury, which is the subject of this claim, is October 25, 2001.
2. On such date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date, the employer-employee relationship existed between the plaintiff-employee and defendant-employer.
4. On such date, the defendant-employer employed three or more employees.
5. The defendant-employer is insured by Lumbermens Mutual Casualty Company.
6. The plaintiff's average weekly wage is $760.28, yielding a compensation rate of $506.88.
7. That plaintiff-employee did not have an "accident" in the traditional trip, slip, and fall sense of interruption of the work routine.
8. Plaintiff reported the facts to Dr. Avva as he did before the Industrial Commission, and this history is the basis of Dr. Avva's notes and the "To whom it may concern letter."
9. Plaintiff was doing his normal job and his back began hurting him during the course of his shift.
10. The medical records of Dr. Kramer attached to the deposition transcript and the medical records of Dr. Avva attached to the stipulation received from the parties post-hearing are made of part of the record herein.
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner plaintiff was 55 years old. The defendant-employer hired plaintiff as a truck driver in July, 2000.
2. Plaintiff's job duties required him to inspect his truck, pick up mail, load and unload the mail in containers onto his tractor-trailer, hook and unhook the trailer from the tractor, and drive the tractor-trailer to various locations. In the days surrounding 25 October 2001 plaintiff was delivering bulk mail on two routes: Greensboro to Rocky Mount and back and Greensboro to Charlotte and back.
3. Plaintiff's pre-trip inspection of his tractor required him to climb up on the tractor to connect the trailer, to bend, stoop, and forcefully crank up the landing gears. The mail and other cargo that plaintiff transported was in varying sizes of wheeled containers to be rolled on and off the truck. These varied in weight, with some containers 300 pounds or more.
4. While plaintiff had occasional back pain prior to 25 October 2001, he did not require medical attention and did not miss any time from work due to this condition.
5. On 25 October 2001, plaintiff loaded a trailer in Greensboro at his usual starting time of 9:00 p.m., drove it to Charlotte, and unloaded it. As he drove the truck back to Greensboro, plaintiff felt the onset of considerable, "sharp" back pain. He did not report the pain to anybody during the early hours of that morning, but went home and went to bed. Plaintiff's pain was in his lower back across his hip.
6. When plaintiff awoke on 26 October 2001, he discussed the situation with his wife, who called their family doctor, Dr. Ravi Avva. Plaintiff called the defendant-employer and reported the pain. The defendant-employer requested that plaintiff see a company doctor instead of his own family physician.
7. At defendant-employer's request, plaintiff was seen at Moses Cone Occupational Health by Dr. Lisa Mani. Plaintiff advised Dr. Mani of an onset of low back pain earlier that day with no specific mechanism of injury. Plaintiff advised Dr. Mani of his prior back pains. Dr. Mani placed plaintiff on light duty with restrictions of lifting, pushing, and pulling of no more than 25 pounds. Upon re-examination several days later, Dr. Mani increased this restriction to ten-twenty pounds.
8. Plaintiff testified that he inquired about light duty work and that the defendant-employer responded that "they didn't do light duty anymore."
9. On 7 November 2001, plaintiff presented at Moses Cone for the third and final time. The treating physician referred plaintiff to his family doctor citing "insurance reasons" as the basis for discontinuing further treatment. Defendant-carrier had filed a Form 61 in the interim between the second and third visits. Dr. Ketan Shah was of the opinion that plaintiff was only able to work on a light duty basis at that time.
10. Plaintiff went to see Dr. Avva, his family physician, on 16 November 2001. Dr. Avva's records indicate that plaintiff's history of the onset of pain was consistent with that given to Dr. Mani, the adjuster, and at the hearing. Dr. Avva took plaintiff out of work entirely pending an evaluation with an orthopedic surgeon.
11. Plaintiff saw Dr. James Kramer, a physical medicine expert in the orthopedic surgeon group of Murphy Wainer, on 26 November 2001. Dr. Kramer concurred with Dr. Avva that plaintiff should be entirely out of work.
12. Dr. Kramer ordered an MRI that revealed a ruptured disc at L5-S1 and a bulging disc between L3-L4. Although this did not appear to impinge on the nerve roots, Dr. Kramer testified that this should not be characterized as a "back sprain." Rather, Dr. Kramer found mechanical and muscular back dysfunction in response to the ruptured disc at L5-S1 and L3-L4.
13. Dr. Kramer testified that the plaintiff's job duties that he completed during his shift on the night in question were the types of actions that could cause the plaintiff's back problems.
14. Plaintiff suffered an injury during his shift on the night of 25 October 2001. This injury necessitated medical treatment, physical therapy, and eventually caused him to be removed from work.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On the night of 25 October 2001, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer when he suffered a specific traumatic incident when, while driving a truck after unloading heavy objects, he felt a severe sharp pain in his back. N.C. Gen. Stat. § 97-2(6); Richards v. Town of Valdese,92 N.C. App. 222, 374 S.E.2d 116 (1988), cert. denied, 324 N.C. 337,278 S.E.2d 799 (1989).
2. Plaintiff is entitled to have defendants pay for all related medical expenses incurred as a result of his compensable specific traumatic incident. N.C. Gen. Stat. §§ 97-25; 97-25.1.
3. Plaintiff is entitled to temporary total disability compensation at the rate of $506.88 beginning on 26 October 2001 and continuing thereafter until plaintiff returns to work or further order of the Commission. N.C. Gen. Stat. §§ 97-2(6);97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff ongoing total disability compensation at the rate of $506.88 per week for the period beginning 26 October 2001 through the present and continuing until such time as he returns to work or until further order of the Commission. To the extent the amounts have accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to a credit and to the attorney's fee approved herein.
2. Defendants shall pay for all medical expenses related to plaintiff's 25 October 2001 injury by accident.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff is approved for counsel for plaintiff. From the compensation that has accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
4. Defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER