Because I believe that the evidence presented by plaintiff supports the finding of a work-related specific traumatic incident resulting in a back injury and warranting a commensurate award of medical and disability compensation, I respectfully dissent from the majority's opinion and award.
The majority has found as fact that plaintiff presented inconsistent information both to medical personnel and at the hearing before the Deputy Commissioner. However, the evidence presented by plaintiff consistently supports her allegation of a back injury occurring on or about May 27, 2004, while plaintiff was performing her work-related trash-collecting duties. Plaintiff testified before the Deputy Commissioner that she experienced a "popping" in her back while lifting a heavy trash bag at work late on Saturday, March 27, 2004, and that she experienced considerable pain over the next several days, ultimately preventing her from continuing to work. Plaintiff further testified that she informed her supervisor of her injury as soon as he returned to work. Plaintiff's supervisor confirmed in testimony before the Deputy Commissioner that, upon his return to work on Tuesday, March 30, 2004, plaintiff informed him she had strained her back while working three days before on March 27.
The medical records presented in the case are also consistent with plaintiff's testimony concerning a work-related back injury occurring on or about March 27, 2004. Dr. Adkin's medical note from March 30, 2004, while suggesting that plaintiff's back pain began three months before the visit (instead of three days
before, as plaintiff testified she told Dr. Adkins), notes that plaintiff's back pain was "exacerbated" by lifting trash bags at work. Dr. Hicks's April 19, 2004, medical note includes the following "diagnosis": "back pain (WC: pull trash @ work(?) on 3/26)." Dr. Gillis testified that she recalled plaintiff telling her in April of 2004 that plaintiff "had been carting a cart, or garbage can, at work and had pain in her lower back." Dr. Goebel's May 4, 2004, medical note states that plaintiff "felt that she sustained an injury at work while pulling some trash at the Asheville Mall Food Court on March 26, 2004." Dr. Hayes testified that, when she saw plaintiff on June 15, 2004, plaintiff told her she had injured her back at work in March of 2004.
Although the medical records do not necessarily reflect that plaintiff specifically informed her physicians that she felt a "popping" sensation on March 27, 2004, they consistently demonstrate that plaintiff reported an onset of back pain on or around March 27, 2004, while performing her trash-related work duties. Because a plaintiff need only "point to a series of contemporaneous events that could have caused [her] injury,"Richards v. Town of Valdese, 92 N.C.App. 222, 225,374 S.E.2d 116, 119 (1988), disc. review denied, 324 N.C. 337,378 S.E.2d 799 (1989), in order to establish a compensable injury by specific traumatic event, I believe plaintiff has met her burden under the Workers' Compensation Act by consistently reporting and testifying that she injured her back on or around March 27, 2004, while performing her job of collecting and disposing of trash.
For these reasons, I respectfully dissent.
This 28th day of June, 2006.
 S/____________________ THOMAS J. BOLCH COMMISSIONER