***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Gillen with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the Workers' Compensation Act.
4. An employment relationship existed between plaintiff and defendant-employer Thalle Construction Company, Inc. American Home Assurance Company was the carrier on the risk on the date of the alleged injury, 11 November 2005.
5. Plaintiff's average weekly wage was $1,000.00 on the date of alleged injury.
 ***********
The following were entered into evidence as:
 STIPULATED EXHIBITS a. The Pretrial agreement, marked as stipulated exhibit 1.
 b. A collection of documents including plaintiff's medical records, personnel records, Industrial Commission Forms, and discovery responses, collectively paginated A-1 through F-1 and marked as stipulated exhibit 2.
 *********** ISSUE PRESENTED
Whether plaintiff suffered a compensable injury by accident or specific traumatic incident on 11 November 2005, and, if so, to what medical treatment and/or workers' compensation benefits is plaintiff entitled?
 *********** *Page 3 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the evidentiary hearing, plaintiff was 68 years of age. Plaintiff attended through the 11th grade in school and then joined the Air Force. His employment history includes work as a food store stockman, soft drink deliveryman, carpenter, tool salesman, and general construction work.
2. In November 2005 plaintiff worked for defendant-employer as a construction supervisor on a job site in South Carolina. His duties in this position included doing manual labor such as lifting and stacking forms weighing up to 200 pounds as well as carrying hoses, barrels, and gas cans.
3. On 11 November 2005, a Friday, while performing his work duties on site in South Carolina, plaintiff fell twice. During the first fall plaintiff slipped to one knee, twisting his back. Plaintiff continued working, doing his normal job. After lunch, plaintiff fell a second time. During the second fall plaintiff's feet slipped out from under him as he carried a five-gallon gas can. Plaintiff fell hard in a "sitting down" motion, with his tailbone landing on concrete.
4. Plaintiff was in pain but continued working. Plaintiff did not tell his supervisor about the falls because plaintiff did not anticipate that his condition would amount to anything, and he had always worked through pain in the past. However, at the end of the day on 11 November 2005 as he checked out to go home for the weekend, plaintiff did tell a secretary on the job site about his injury and filled out a form. *Page 4 
5. Plaintiff was in severe pain during his drive home that day. A two-hour drive took plaintiff three and a half hours because he had to stop and rest due to the pain. Plaintiff took painkillers and was inactive all weekend following his 11 November 2005 falls.
6. The following Monday, 14 November 2005, plaintiff was seen at Kernodle Clinic in Burlington, North Carolina by Dr. Douglas W. Peed. On this date plaintiff also called his supervisor with defendant-employer and told him about the injury.
7. Dr. Peed's 14 November 2005 medical note indicates that plaintiff fell twice on the previous Friday and that plaintiff was very sore. Dr. Peed diagnosed a lumbosacral strain and a coccygeal contusion. Dr. Peed's note from plaintiff's 6 December 2005 visit reflects that plaintiff was still out of work and that plaintiff was not able to return to his previous job, specifically stating "I think given that he drives a long way, does construction, he is probably not ready to do that." Dr. Peed referred plaintiff to an orthopedist.
8. At plaintiff's 14 December 2005 orthopedic examination at the Kernodle Clinic plaintiff was diagnosed with low-back pain secondary to fall. An undated note signed by Dr. James C. Califf of the Kernodle Clinic diagnosed plaintiff with chronic back pain, leg weakness, lateral stenosis and indicated that plaintiff's condition originated from the 11 November 2005 workplace fall.
9. Dr. James C. Califf, a Board Certified specialist in orthopedic surgery, was the plaintiff's primary orthopedist after 11 November 2005. In a clinical note generated following a 2 January 2007 visit, Dr. Califf wrote: "[Plaintiff] is still disabled and I do not think he will be able to return to any type of gainful employment."
10. Dr. Califf testified that the force of plaintiff's second fall of 11 November 2005 caused plaintiff's low back injury. Dr. Califf further testified that plaintiff has been incapable of *Page 5 
earning wages as a result of his falls of 11 November 2005, that plaintiff's back pain will not change, and that plaintiff is totally permanently disabled from employment.
11. Dr. Max Cohen, who examined plaintiff once, was deposed and testified "[plaintiff's 11 November 2005] injury could have exacerbated the condition, the — the pre-existing condition in his back, but was not the sole cause of his pain syndrome." He went on to testify that plaintiff's 11 November 2005 workplace fall caused an aggravation of pre-existing arthritis and/or degenerative disc disease.
12. During the period from 12 November 2005 and continuing plaintiff has been unable to earn wages in any employment due to his back condition and his related inability to perform work activities due to his physical restrictions. Plaintiff has been under medical work restrictions throughout this period due to the 11 November 2005 workplace accident.
13. Although there appears to be some confusion in various documents regarding the date of injury — the totality of the evidence indicates clearly that the date of injury was 11 November 2005. Dr. Peed's 6 December 2005 note erroneously mentions 14 November 2005 as the injury date, perhaps because that was the date of plaintiff's first medical appointment with Dr. Peed following the injury.
14. Before 11 November 2005 plaintiff never had any problems with his back that impeded performance of his job tasks.
15. On 11 November 2005, when he fell and struck his tailbone, plaintiff suffered a compensable injury by accident to his back that arose out of and in the course of his employment with defendant. The fall constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. *Page 6 
16. The credible medical and vocational evidence of record shows that, as a result of his 11 November 2004 injury, taking into account both his physical and vocational limitations, plaintiff has been totally disabled and unable to earn any wages in any employment from 12 November 2005 and continuing.
17. Plaintiff's average weekly wage of $1,000.00 yields a weekly workers' compensation rate of $666.70.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order to establish a compensable back injury, plaintiff must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an injury by accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6); Richards v. Town of Valdese, 92 N.C. App. 222, 224,374 S.E.2d 116, 118 (1988), disc. review denied, 324 N.C. 337,378 S.E.2d 799 (1989). Our courts have held that an injury is also compensable if it materially accelerates or aggravates a pre-existing condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2; Brown v.Family Dollar Distrib. Ctr. 129 N.C. App. 361 (1998).
2. On 11 November 2005, when he fell and struck his tailbone, plaintiff suffered a compensable injury by accident to his back that arose out of and in the course of his employment with defendant-employer. The fall constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. N.C. Gen. Stat. § 97-2(6);Harding v. Thomas Howard Co., 256 N.C. 427 (1962). *Page 7 
3. Given the credible medical and vocational evidence of record, and plaintiff's compensable injury of 11 November 2005, plaintiff has been temporarily totally disabled and is entitled to temporary total disability compensation at the rate of $666.70 per week for the period from 12 November 2005 and continuing until plaintiff returns to work or further order of the Commission. N.C. Gen. Stat. § 97-29; Russell v.Lowes Prod. Distribution, 108 N.C. App. 762 (1993).
4. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendants provide all medical treatment, incurred or to be incurred, necessitated by the 11 November 2005 compensable injury. N.C. Gen. Stat. §§ 97-25; 97-25.1.
5. In order to be found permanently and totally disabled under the Act, a plaintiff must produce competent medical evidence that he is not able to perform gainful employment of any kind, including light duty positions. Demery v. Perdue Farms, Inc., 143 N.C. App. 259,545 S.E.2d 485 (2001), Cumberland County Solid Waste Management,106 N.C. App. 114,145 S.E.2d 583 (1992). At this time, the medical evidence in this case does not establish that plaintiff is unable to perform gainful employment of any kind, including light duty positions.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Given the credible medical and vocational evidence of record, and his compensable injury of 11 November 2005, defendants shall pay plaintiff, subject to the attorney's fee approved below, temporary total disability compensation at a rate of $666.70 per week for the period from 12 November 2005 and continuing until plaintiff returns to work or *Page 8 
further order of the Commission. Those payments that have accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendants shall pay all medical expenses incurred or to be incurred as a result of the 11 November 2005 compensable injury, subject to the provisions of N.C. Gen. Stat. § 97-25.1.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of any lump sums due plaintiff shall be deducted and paid directly to plaintiff's counsel. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
4. Plaintiff's request to be designated permanently and totally disabled must be, and hereby is, DENIED.
5. Defendants shall pay the costs.
This the 12th day of December, 2008.
 S/___________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 9 
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 *Page 1