MARY A. CAUSBY, EMPLOYEE-PLAINTIFF v. BERNHARDT FURNITURE COM-
PANY, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER-DE-
FENDANTS

No. 8610IC680

(Filed 30 December 1986)

**Master and Servant § 65.2— workers' compensation—back injury—absence of
    traumatic incident**
        The evidence supported a determination by the Industrial Commission
    that plaintiff's back injury was not the result of a specific traumatic incident
    and thus was not compensable where it tended to show that plaintiff's job was
    to catch pieces of wood that had passed through various machines, stack them
    on a hand truck, and push the hand truck to another location; plaintiff was
    forced to stop working on 18 April 1985 because of a severe pain in her back;
    plaintiff had had similar trouble eight months earlier when she was pregnant;
    plaintiff's back had given her more and more pain during the previous two

months after she had again been given heavy work to do; a day or two before 18 April her back hurt so badly that she was crying while trying to do her job; and she had let a couple loads of wood go by earlier in the afternoon of 18 April because of the pain in her back.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission. Opinion and award entered 18 April 1986. Heard in the Court of Appeals 10 December 1986.

Plaintiff was an employee of defendant Bernhardt Furniture Company. On 18 April 1985, while plaintiff was acting within the scope of her employment, she grew ill and was forced to stop working, due to a severe pain in her back. Plaintiff's claim for workers' compensation was heard by Deputy Commissioner Winston L. Page, Jr., on 8 October 1985. At the hearing, evidence was presented tending to show the following:

Plaintiff was a "tailer," which means that her job was to catch various pieces of wood which had passed through various machines. She stacked the wood on a hand truck and, when the hand truck was full, she pushed it to a different spot.

On 9 August 1984 plaintiff was seven months pregnant, but working at her regular job. While pushing one of these hand trucks, she felt some stinging in her back, her legs got numb, she felt sick to her stomach, and she felt as though she was going to pass out. On the advice of her obstetrician, plaintiff took a leave of absence until 26 November 1984. During these months her back continued to bother her, but to a lesser degree.

When plaintiff returned to work, she was put on relatively light work for several months, but was switched to heavy work about two months before 18 April 1985. Her pain increased steadily over this two-month period. A day or two before the eighteenth her back was hurting her so badly that she was crying while trying to do her work.

On 18 April 1985, plaintiff was tailing a ripsaw, and was handling large pieces of wood. Her back was hurting to the extent that she had to let a couple of loads go through without doing what she was supposed to do. Finally, at 3:15 p.m., she felt a stinging in her back, her legs became numb, she felt sick to her stomach, and felt as though she was going to pass out.

The Deputy Commissioner filed an opinion and award denying plaintiff compensation. He stated in his findings of fact that plaintiff's back injury of 18 April 1985 was not the result of a specific traumatic incident. He stated in his conclusions of law that for that reason, this injury was not compensable. He also stated that plaintiff's injury of 9 August 1984 was not compensable because plaintiff did not either report in writing her injury to her employer within thirty days of its occurrence, or give a reasonable excuse for not doing so, as required by G.S. 97-22.

Plaintiff appealed to the full commission, which affirmed the opinion and award of the deputy commissioner, and adopted it as the opinion and award of the full commission. Plaintiff appealed.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, by C. Scott Whisnant, for plaintiff, appellant.*

*Patrick, Harper & Dixon, by Gary F. Young, for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiff contends the Industrial Commission erred in making the finding of fact that plaintiff's injury of 18 April 1985 was not the result of a specific traumatic incident, and the resulting conclusion of law that plaintiff did not sustain a compensable injury.

Review of an award of the Industrial Commission is limited to questions of (1) whether there was competent evidence before the Commission to support its findings of fact, and (2) whether such findings of fact support its conclusions of law. *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214 (1985).

The critical finding of fact in the present case, which plaintiff contends is error, is that plaintiff's injury was not the result of a specific traumatic incident. We hold that there is competent evidence in the record to support this finding of fact. Among the evidence tending to show that a specific traumatic incident was not the cause of plaintiff's injury is Ms. Causby's testimony that she had had similar trouble eight months earlier when she was pregnant; her testimony that her back had given her more and more pain in the two months before 18 April 1985, when she was given heavy work to do; her testimony that a day or two before 18

Causby v. Bernhardt Furniture Co.

April her back hurt her so badly that she was crying while trying to do her job, and her testimony that earlier in the afternoon of 18 April she had let a couple of loads go by because of the pain in her back.

Plaintiff specifically excepts to the Industrial Commission's finding of fact that plaintiff "experienced additional back pain over the morning hours" and that "pain gradually increased to the point where she could no longer do her job." We hold that there is competent evidence to support this finding, except for the word "morning." However, the exact point in time at which plaintiff's back began to bother her on that day is insignificant. There is still ample evidence to support the important and legally significant finding of fact that "[p]laintiff's back pain was not the result of any specific traumatic incident in that plaintiff had experienced back pain over an extended period of time since returning to work in November of 1984."

For an injury to be compensable under the Workers' Compensation Act, the claimant must prove that the injury was caused by an accident. G.S. 97-2(6); *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977). G.S. 97-2(6) provides that "[w]ith respect to back injuries, however, where injury to the back . . . is the direct result of a specific traumatic incident of the work assigned, 'injury by accident' shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident."

Therefore, the Industrial Commission's conclusion of law that plaintiff did not sustain a compensable injury is adequately supported by the finding of fact that "plaintiff's back pain was not the result of any interruption of her normal work routine in that plaintiff was doing her usual job in her usual and customary manner. Plaintiff's back pain was not the result of any specific traumatic incident in that plaintiff had experienced back pain over an extended period of time since returning to work in November of 1984."

Affirmed.

Judges JOHNSON and GREENE concur.