***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Wanda Blanche Taylor and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Wanda Blanche Taylor.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. No parties appear in a representative capacity.
4. An employer-employee relationship as defined by N.C. Gen. Stat. § 97-2(2) existed between the parties in July 1993 and 19 November 1996.
5. The employer was self-insured at all relevant times.
6. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
7. The issues enumerated herein should be decided in one hearing and thus, there should be no separation of triable issues.
8. The parties stipulate that the issues to be heard are:
 1. Was the plaintiff injured by accident arising out of and in the course and scope of his employment with the employer-defendant in July 1993 and 19 November 1996;
 2. What, if any, compensation is the plaintiff entitled to as a result of the alleged injuries of July 1993 and 19 November 1996;
 3. Whether the plaintiff's claim from the alleged July 1993 incident is barred by the statute of limitations in N.C. Gen. Stat. § 97-24;
 4. Is employee's claim from the alleged 19 November 1996 incident barred by a prejudicial lack of notice pursuant to N.C. Gen. Stat. § 97-22.
9. The parties have stipulated into evidence, as Stipulated Exhibit 1, a packet of medical records for the treatment of plaintiff, discovery responses, a job description, wage information, statement of Travis Wells and Form 18.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff alleges that he sustained an injury by accident to his back when he was assaulted by a co-worker, Christopher T. Grady, on or about the 12th or 13th day of July 1993. The plaintiff filed an action against Mr. Grady alleging "intentional assault and battery." Plaintiff did not file a Form 18, Notice of Accident, or make any other claim under the Workers Compensation Act regarding this incident until 10 June 1998. This represents a gap of almost five years from the alleged incident.
2. Plaintiff alleges that he sustained another injury by accident to his back when he was lifting and moving boxes on 19 November 1996. There were no witnesses to the accident, and plaintiff did not file a Form 18, Notice of Accident, regarding this incident until 6 August 1998. This represents a gap of approximately one year and nine months.
3. Plaintiff testified that he consulted Dr. Johnson on the afternoon of 19 November 1996. There is no medical record in the record which indicates plaintiff saw Dr. Johnson on that date. However, there is a record dated 14 November 1996 indicating that plaintiff and Dr. Johnson had discussed surgery on that date. Dr. Johnson, in his deposition, indicated that plaintiff consulted him 19 November 1996 recounting that "on the 14th his low back went out."
4. Plaintiff alleges that he reported an on-the-job injury, relating from his alleged accident on 19 November 1996, to Travis Wells and Warren Spruill.
5. Mr. Travis Wells testified that he was informed by plaintiff within the next two days after the alleged accident of 19 November 1996. However, Mr. Wells said he took no action to report the incident, even though he was plaintiff's immediate supervisor at the time. Mr. Wells stated he did not know what to do and was not trained by the employer to take any action when an injury was reported.
6. Mr. Warren Spruill, Revenue Field Auditor Supervisor and supervisor to both plaintiff and Mr. Wells, testified that no injury or accident from on or about 19 November 1996 was ever reported by plaintiff.
7. Ms. Myra Smith, an employee of UCB Bank (the subject of the audit plaintiff was performing on 19 November 1996) testified at the hearing under subpoena. Ms. Smith testified that she did not witness any accident or injury to plaintiff during his audit at UCB in November of 1996. Ms. Smith also testified that plaintiff did not report or mention any injury or accident to her during the audit. Ms. Smith testified that while plaintiff complained about his back during the audit in November of 1996, his complaints were no worse at the end of his audit than at the beginning of the audit.
8. Ms. Tanya Sullivan, workers compensation administrator for the Department of Revenue, testified that the department did not become aware that plaintiff was claiming an injury from his November 1996 audit of UCB until the Form 18 was filed on 6 August 1998.
Ms. Sullivan also testified that until a Form 18 was filed on 10 June 1998, the department did not receive any claim or notice of an intent by plaintiff to claim workers compensation coverage for the July 1993 incident. Thus, the department was unable to investigate plaintiff's alleged injury or direct his medical treatment.
9. In assessing the credibility of the plaintiff and Travis Wells, in light of the credible testimony of several other witnesses, including Warren Spruill, Tanya Sullivan, and Myra Smith, and the inconsistencies in the medical records, the Full Commission does not find the plaintiff's testimony or Mr. Wells' testimony credible. The greater weight of the evidence establishes that plaintiff did not suffer an injury by accident or specific traumatic incident on 19 November 1996, and that plaintiff did not report any injury until 6 August 1998.
10. In reviewing plaintiff's claim from the 12th or 13th day of July 1993, the Full Commission finds that no notice or claim was filed within two years of the alleged incident. Because any claim from July of 1993 is barred by N.C. Gen. Stat. § 97-24, it is unnecessary for the Full Commission to determine if any injury resulted from this incident or if the "intentional assault and battery" by plaintiff's co-worker would be compensable if properly reported and if a claim had been made within two years.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not file a claim based upon his alleged accident from July 1993 within two years. Therefore any claim resulting from this incident is "forever barred." N.C. Gen. Stat. § 97-24; Tilly v. HighPoint Sprinkler, ___ N.C. ___, ___ S.E.2d ___, 2001 N.C. App. LEXIS 229 (2001).
2. Plaintiff failed to prove, by the greater weight of the evidence, that he sustained a compensable injury by accident or specific traumatic incident to back while at work on 19 November 1996. N.C. Gen. Stat. § 97-2(6); Causby v. Bernhardt Furniture Co., 83 N.C. App. 650,351 S.E.2d 106 (1986).
3. Even if plaintiff had sustained a compensable injury by accident on 19 November 1996, he failed to provide written notice to employer and the employer had no actual knowledge of the alleged work incident until 6 August 1998 and was prejudiced thereby, in that the employer-defendant was denied the opportunity to investigate the incident and to monitor and control plaintiff's medical treatment. Plaintiff has not presented a "reasonable excuse" for the lack of compliance with N.C. Gen. Stat. § 97-22. Plaintiff's failure to timely report the alleged incident bars him from recovery under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-22; Gerard van Dagna v. Carolina MotorClub, Inc., I.C. No. 225824 (Full Commission Decision, 1995); Westbrooksv. Bowes, 130 N.C. App. 517, 503 S.E.2d 409 (1998).
4. Plaintiff is not entitled to workers' compensation benefits for either claim, and his claims are denied.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claims for compensation must be, and the same is, hereby DENIED.
2. Each side shall bear its own costs; however, defendant shall pay an expert witness fee to Dr. Johnson in the amount of $220.00.
This 13th day of December 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER