***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Stanback.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. All parties have been designated, and there is no question as to mis-joinder or non-joinder of parties.
3. All parties are properly before the Commission, and the Commission has jurisdiction over the parties and the subject matter.
4. An employer-employee relationship existed between plaintiff and defendant-employer at all times relevant to this claim.
5. The workers' compensation carrier on the risk is American Protection Insurance Company.
6. Plaintiff's average weekly wage is $280.00, which results in a weekly compensation rate of $186.67.
7. Plaintiff last worked for defendant-employer on April 23, 1999.
 ***********
Based upon the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Deputy Commissioner, plaintiff was 56 years of age. She has an eighth grade education and is a widow with six grown children. Plaintiff had worked approximately 17 years with the defendant-employer as a sewing machine operator.
2. As a sewing machine operator, plaintiff lifted bundles of material weighing from 12 to 39 pounds throughout the course of her employment.
3. Pursuant to the Form 18 filed November 17, 1999, plaintiff alleges that she injured her lower back lifting a bundle of material on or about January 2, 1998. Plaintiff did not report the alleged injury to her supervisor, Frince Williams, or to the plant manager.
4. At the hearing before the Deputy Commissioner, plaintiff's supervisor, Frince Williams, testified that plaintiff had only reported that her left leg was bothering her due to a problem with the foot pedal on her sewing machine and that plaintiff did not describe any injury by accident or specific traumatic incident.
5. At the hearing before the Deputy Commissioner, plaintiff claimed that she did not report her injury because defendant-employer was laying people off from work and she was afraid she would lose her job. There is no evidence in the record that the defendant-employer was laying off workers due to the filing of workers' compensation claims.
6. Plaintiff also testified that she did not seek any medical treatment for her back from January 2, 1998, until April 24, 1999, when she was examined at the Nash General Hospital Emergency Department. An unidentified physician treated plaintiff and referred her to Dr. Joseph Thomas Bloem, an orthopaedic surgeon. Plaintiff did not report the alleged injury as the cause of her leg and back pain.
7. Dr. Joseph Thomas Bloem, an orthopaedic surgeon, examined plaintiff on April 28, 1999. Plaintiff did not report an injury to Dr. Bloem. Subsequent to an MRI, plaintiff was diagnosed with an L5/S1 herniated disk for which Dr. Bloem performed surgery on May 11, 1999. Dr. Bloem described plaintiff's condition as "acute," which he defined to mean no older than a few months, which would be inconsistent with a January 2, 1998 injury. In his deposition testimony, Dr. Bloem indicated that doctors use generalized terms like "acute" without taking into account a perceived legal meaning.
7. During the course of her treatment with Dr. Bloem, plaintiff never related the cause of her back problem to the alleged January 2, 1998, injury.
8. Plaintiff also presented to Dr. Ira M. Hardy, III, a spinal surgeon. Plaintiff reported to him that she hurt her back over time while working for the defendant-employer, but she never described a specific incident. Dr. Hardy did not recommend any additional treatment for plaintiff and thereafter she returned to Dr. Bloem.
9. On April 26, 2000, as part of an evaluation for social security disability benefits, Dr. Ganesh Bissram, an orthopaedic surgeon, examined plaintiff. Plaintiff reported to him that her pain started approximately one and one-half years earlier and was of gradual onset. Dr. Bissram does not report an injury or specific traumatic incident on January 2, 1998, or at any other time.
10. Plaintiff applied for and was eventually approved for social security disability benefits. She receives $656.00 per month.
11. The greater weight of the competent evidence shows that plaintiff has failed to prove that she was injured by a specific traumatic incident or injury by accident arising out of or in the course of her employment on January 2, 1998, or at any other time.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order to establish a compensable injury to the back, the employee must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an injury by accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6); Richards v. Town ofValdese, 92 N.C. App. 222, 224, 374 S.E.2d 116, 118
(1988), disc. review denied, 324 N.C. 337, 378 S.E.2d 799
(1989).
2. Under the specific traumatic incident theory, plaintiff must prove that the injury occurred at a judicially cognizable time, although not necessarily at a specific hour or day. Fish v. Steelcase, Inc.,116 N.C. App. 703, 707, 449 S.E.2d 233, 237 (1994),cert. denied, 339 N.C. 737, 454 S.E.2d 650 (1995);Richards v. Town of Valdese, supra.
3. Plaintiff has failed to prove by the greater weight of the evidence that she sustained a compensable injury by accident or specific traumatic incident as a result of the work assigned on or about January 2, 1998, or at any other time. N.C. Gen. Stat. § 97-2(6); Causby v.Bernhardt Furniture Co., 83 N.C. App. 650, 351 S.E.2d 106
(1986).
4. Since the plaintiff has failed to carry her burden of proof in this case, she is not entitled to benefits under the Workers' Compensation Act. Click v. PilotFreight Carriers, Inc., 300 N.C. 164, 265 S.E.2d 389
(1980), N.C. Gen. Stat. § 97-2 (et. seq.).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and is hereby DENIED.
2. Each side shall pay their own costs.
This the ___ day of June 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN