* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Glenn. The appealing party has shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby reverses the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, that the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. Plaintiff's average weekly wage is $483.21 per week, yielding a compensation rate of $322.14 per week at all relevant times herein.
3. An employee/employer relationship existed between plaintiff and defendant-employer at all relevant times herein.
4. Defendant-employer was insured by ACE/USA for workers' compensation purposes at all relevant times herein.
5. The parties stipulated the following exhibits into evidence:
a. Stipulated Exhibit 1-Medical Records
b. Stipulated Exhibit 2-Industrial Commission forms
 c. Stipulated Exhibit 3-Plaintiff's Responses to defendants' First Set of Interrogatories and Requests for Production of Documents.
6. The issues to be determined by the Full Commission are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer?
 b) If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers' Compensation Act?
 * * * * * * * * * * *
The pre-trial agreement and any and all other stipulations of the parties are hereby herein incorporated into the evidence of this matter as though they were fully set out herein.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was 27 years old. The plaintiff began working for the defendant in February 2003 on the first shift as a press brake operator.
2. At the hearing before the Deputy Commissioner, plaintiff testified that in March or April 2003 he bent over to lift a part as he was performing his job and as he was lifting the part, he felt a pop and immediate pain in his back. Plaintiff did not immediately report the incident. The plaintiff also testified that on the next day he told Stanley A. Wright, safety supervisor, that he had injured his back the night before while he was lifting a part at work and that although Mr. Wright encouraged him to go to a doctor, he refused because he believed his back would heal on its own.
3. On April 14, 2003, the plaintiff reported to Dr. Samuel Kelly, a family practitioner, complaining of three weeks of low back pain and denying any specific injury or trauma or motor vehicle accident. When Dr. Kelly inquired as to what happened, plaintiff advised Dr. Kelly that he had injured his back while he was bending over at work on or about March 18, 2003. Dr. Kelley diagnosed plaintiff's condition as mechanical low back pain.
4. The plaintiff continued to seek medical treatment and ultimately presented to Dr. Joseph T. Alexander, a neurosurgeon.
5. On February 10, 2004, the plaintiff presented to Dr. Alexander. Dr. Alexander noted that, per plaintiff's sole report, he had no history of low back pain prior to the incident in which he was lifting the part at work. Consequently, Dr. Alexander opined that the condition for which he treated plaintiff was a result of lifting the part at work in March 2003.
6. At the hearing before the Deputy Commissioner, plaintiff testified that he could not recall the exact date of the alleged back injury, but that the injuring event occurred after he had been assigned to work on the second shift. The plaintiff further testified that the first time he worked on the second shift was on April 8, 2003. However, the date of injury is listed as March 18, 2003, on the Form 33 and in plaintiff's Recorded Statement the date of injury given by the plaintiff is March 26, 2003. Dr. Kelly's notes reflect that the plaintiff gave a date of injury of March 28, 2003. Also, during the plaintiff's April 14, 2003, visit with Dr. Kelly, plaintiff informed Dr. Kelly that his back pain began three weeks ago, or March 24, 2003.
7. At the hearing before the Deputy Commissioner, plaintiff denied that he told anyone, including Mr. Wright and Mr. Calvin McBee, that his back injury happened anyplace other than at work.
8. Calvin McBee also testified for the defendant. Mr. McBee is the plaintiff's second shift supervisor. Mr. McBee testified that the plaintiff initially worked the first shift but moved to the second shift on April 8, 2003. Mr. McBee testified that plaintiff approached him on April 11 or 12, 2003, and voluntarily stated that he had a back injury that was not job-related. Mr. McBee further testified that the plaintiff just wanted to be sure he knew and stated twice that that his alleged back trouble was not work-related. Mr. McBee told the plaintiff that he needed to take time off from work and/or needed to see a doctor, and that he should see Stan Wright to set up a possible medical leave. Mr. McBee went on to testify that he did not prepare a written accident report or initiate an investigation because the plaintiff stated his back problems were not work-related. Mr. McBee did, however, refer the plaintiff to Stan Wright.
9. Stanley A. Wright, defendant's Environmental and Safety Coordinator, testified at the hearing before the Deputy Commissioner. Mr. Wright manages all of defendant's workers' compensation matters. Mr. Wright testified that on April 10, 2003, the plaintiff came to him for the first time to discuss his medical issues and stated that he was having constant back trouble. The plaintiff voluntarily reported to Mr. Wright that his back trouble absolutely was not work-related. Plaintiff did not report that he hurt his back bending over to pick up a part nor did he identify a specific time when his back first began to hurt. Consequently, Mr. Wright treated plaintiff's alleged injury as non-work-related.
10. Plaintiff's co-employee, Jason Vinton, also testified at the hearing before the Deputy Commissioner. Mr. Vinton testified that the plaintiff told him he was having back pain and that it was not work-related.
11. Russell Rumley, another co-employee of plaintiff's initially testified that plaintiff told him he was injured at work for defendant. This testimony differed from prior conversations that defendants' counsel had with Mr. Rumley. At the hearing before the Deputy Commissioner, Mr. Rumley was confronted about the discrepancy in his version of events and stated that he allegedly confused the plaintiff with someone else named Mohammed. The Full Commission gives no weight to Mr. Rumley's testimony.
12. Dr. Armstrong has stated an opinion, which would causally relate plaintiff's ongoing back complaints to his job with defendants. However, the Full Commission finds that Dr. Armstrong's opinion and plaintiff's reports of injury while at work are significantly predicated upon plaintiff's subjective representations.
13. Although plaintiff reported injuring his back while lifting a part at work for defendant, and plaintiff's physicians relied on that history in forming their medical opinions, based on the greater weight of the competent evidence, the Full Commission finds that plaintiff did not hurt his back at work.
14. The greater weight of the competent evidence establishes that the plaintiff has failed to prove that he was injured by a specific traumatic incident or injury by accident arising out of and in the course of his employment with defendants.
 * * * * * * * * * * *
Based upon the above stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to establish a compensable injury to the back, the employee must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an injury by accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6); Richards v. Townof Valdese, 92 N.C. App. 222, 224, 374 S.E. 2d 116, 118 (1988),disc. review denied, 324 N.C. 324 N.C. 337, 378 S.E. 2d 799 (1989).
2. Plaintiff has failed to prove by the greater weight of the evidence that he sustained a compensable injury by accident or specific traumatic incident as a result of the work assigned on or about March or April 2003, or at any other time. N.C. Gen. Stat. § 97-2(6); Causby v. Bernhardt Furniture Co.,83 N.C. App. 650, 351 S.E. 2d 106 (1986).
3. Since plaintiff has failed to carry his burden of proof in this case, he is not entitled to benefits under the Workers' Compensation Act. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980), N.C. Gen. Stat. § 97-2 (etseq.).
 * * * * * * * * * * *
Based on the above stipulations, findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Under the law, plaintiff's claim must be, and is hereby DENIED.
2. Each side shall pay their own costs.
This the __ day of April 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER