* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * * RULING ON EVIDENTIARY MATTERS
Plaintiff has made a Motion to Submit Additional Evidence to clarify whether plaintiff aggravated a pre-existing work-related injury of 1998 and to Correct the Opinion and Award of the Deputy Commissioner to include plaintiff's right to continued medical compensation. Regarding plaintiff's first motion, plaintiff had an opportunity to question Dr. Botero thoroughly about plaintiff's medical history and any aggravation of a pre-existing work-related injury. By moving to take additional testimony on an aggravation of a pre-existing injury, plaintiff is attempting to pursue a new legal theory that was not identified in the Pre-Trial Agreement or at the Deputy Commissioner's hearing. Industrial Commission Rule 701. Regarding plaintiff's second motion, plaintiff did not appeal or seek to modify the Opinion and Award dated October 17, 2001, which ruled on plaintiff's 1998 claim. Industrial Commission Rule 702. Thus, both of plaintiff's motions must be and are hereby DENIED.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of plaintiff's alleged injury, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act. The employer regularly employed more than three employees and is a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
2. Defendant-employer is self-insured, with Gallagher-Bassett Services as the servicing agent.
3. The date of plaintiff's alleged injury by accident is May 2, 2004.
4. Plaintiff's average weekly wage yields a compensation rate that is the maximum rate for 2004.
5. The parties identified as stipulated exhibits all prior stipulated medical records, which were previously part of the Commission's file. The only additional medical evidence received from the parties subsequent to the Deputy Commissioner's hearing were the deposition of Dr. Botero and records attached to the deposition.
6. The parties entered into a Pre-Trial Agreement on April 12, 2005, which was incorporated into the record.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was 61 years old and had a high school education. Plaintiff has worked for defendant-employer since July 19, 1987, as a line haul truck driver, driving tractor-trailers from one terminal to another. His duties included connecting and disconnecting trailers with a device known as a Jifflox, which connects tandem trailers. Plaintiff was also responsible for the preparation and handling of numerous documents, including driver's logs, bills of lading and shipping manifests. When plaintiff began employment with defendant-employer, he completed an orientation program where he received instruction how and when injuries should be reported.
2. On June 4, 1989, plaintiff sustained an admittedly compensable injury while working for defendant-employer as a truck driver. He completed an "Employee's Notice of Injury or Recurrence" form on June 29, 1989. When completing the incident report, plaintiff gave a detailed description and noted his injury occurred at "11:30 a.m." on June 4, 1989, in "Asheville, NC" while he was moving Jifflox #26133 and felt a "pop in [his] back." Defendant-employer accepted plaintiff's claim and paid plaintiff temporary total disability and permanent partial disability compensation (I.C. No. 909375). On June 23, 1989, Dr. Ernesto Botero, a neurosurgeon, performed a left L5-S1 diskectomy. On September 18, 1990, Dr. Botero took plaintiff back to surgery to correct a recurrent herniated disc at L5-S1. At that time, plaintiff was noted to have degenerative changes at the L5-S1 disc. On April 15, 1991, Dr. Botero rated plaintiff with a 20% permanent functional impairment to his back. Despite continued back pain, plaintiff returned to work for defendant-employer.
3. On July 1, 1992, plaintiff sustained an aggravation of his 1989 back injury and completed a second "Employee's Notice of Injury or Recurrence" form. Plaintiff noted a "recurrence [of back pain] brought on from driving long distances over rough highways aggravating previous injured disks." Plaintiff did not pursue a workers' compensation claim for this alleged injury. Plaintiff continued to have back pain but returned to work as a truck driver for defendant-employer and worked continuously from 1993 to 1998.
4. On October 13, 1998, plaintiff completed a third "Employee's Notice of Injury or Recurrence" form, in which he alleged "recurring back pain" and described his condition as "constant pain for over a month became unbearable." When completing the incident report, plaintiff did not give a time, date, location or description of injury. Plaintiff filed a claim with the Industrial Commission in connection with this recurrence (I.C. No. 941116). This claim was contested, and the Full Commission in an Opinion and Award filed October 17, 2001, found that plaintiff sustained a new injury by accident or specific traumatic incident while moving a Jifflox in Sanford, North Carolina on October 3, 1998. Plaintiff was awarded compensation for temporary total disability and for an additional 20% permanent functional impairment to his back. He received his last payment of disability compensation for that claim in November 2001 and returned to work with defendant-employer as a line haul truck driver.
5. In regard to the claim currently pending before the Commission, at the Deputy Commissioner's hearing on April 12, 2005, plaintiff testified that he sustained a further injury by accident or specific traumatic incident of his assigned work with defendant-employer on May 2, 2004. Plaintiff testified that when he was at defendant-employer's terminal in North Wilkesboro on May 2, 2004, he climbed in and out of his truck several times and attempted to position a Jifflox. Plaintiff later felt increasing low back pain with a pulling sensation in his left leg while he drove to Greenville, South Carolina.
6. As a truck driver, plaintiff had immediate telephone access to his dispatcher at all times. However, following the alleged incident on May 2, 2004, plaintiff did not call his dispatcher or report an alleged injury. Plaintiff returned to his home terminal in Kernersville on May 2, 2004, and upon his arrival did not report an alleged injury. On May 2, 2004, plaintiff did not report an alleged injury to his back to Ralph Neal, his line haul supervisor. Plaintiff signed off work with defendant-employer effective May 3, 2004, but did not report an alleged injury. At the Deputy Commissioner's hearing, plaintiff explained that he had back pain every day and stated: "Every night that I got in that truck and drove for a length of time and got out and got back in it, I was hurting. And if I had to fill out an accident report or form, I would fill out one every night that I got back in to the terminal."
7. Mr. Neal, who was retired from defendant-employer at the time of the Deputy Commissioner's hearing, first learned that plaintiff had a problem with his back when he received a letter from Dr. Botero dated May 24, 2004, indicating that plaintiff was being treated for a herniated disc. This letter was defendant-employer's first notice that plaintiff had a new problem with his back. Upon receipt of Dr. Botero's letter on May 24, 2004, Mr. Neal immediately contacted plaintiff, since Mr. Neal was required by company policy to investigate any alleged injury within 24 hours. During a telephone conversation on May 24, 2004, plaintiff informed Mr. Neal that he was unaware of any specific event or injury involving his back. He told Mr. Neal that he thought the problem was related to his 1989 and 1998 injuries. Mr. Neal asked plaintiff to complete the company-mandated incident report for work injuries or recurrences, but plaintiff refused to do so unless a copy of the form was also faxed to his attorney. Plaintiff acknowledged on cross-examination that his attorney already had access to the form from previous litigation. At no time during their telephone conversation on May 24, 2004, did plaintiff describe to Mr. Neal an injury occurring at the North Wilkesboro terminal. Mr. Neal spoke with plaintiff again by telephone on May 25, 2004, but again plaintiff did not mention anything about an injury at work.
8. On May 25, 2004, Mr. Neal completed the required "Supervisor's Report of Employee Injury Investigation" based on information provided by plaintiff. Mr. Neal stated on the form that "Driver states the injury is recurrence from 6/4/89 and 10/3/98." He also completed the required "Employee's Notice of Injury or Recurrence" form, noting that plaintiff had refused to sign the same. Plaintiff and his wife went to the employer's terminal in Kernersville on June 3, 2004, at which time plaintiff signed the form previously completed by Mr. Neal, without making any changes. Plaintiff acknowledged that he knew the importance of properly completing the form due to the litigation from his 1998 claim.
9. Plaintiff acknowledged in his testimony that he never reported or described to the employer an injury occurring on May 2, 2004 when he was connecting trailers. Plaintiff's wife testified that plaintiff never told her about an injury of the type plaintiff described at the Deputy Commissioner's hearing.
10. Dr. Botero has been plaintiff's primary treating physician for his back since 1989. On May 24, 2004, plaintiff signed an intake sheet at Guilford Neurosurgical, following his first visit with Dr. Botero after his alleged injury on May 2, 2004. On this form, printed in bold type, was the question: "Were you injured on the job?" Plaintiff responded, "No." Plaintiff also answered "no" to the question about filing a workers' compensation claim. In the blank where plaintiff was asked to "Describe how the injury occurred," plaintiff wrote, "don't know." Plaintiff also left blank the space on the form where he was asked to indicate the date and time of injury. Dr. Botero testified there was nothing on the form signed by plaintiff on May 24, 2004, to suggest he had a work-related injury. Also on May 24, 2004, plaintiff told Dr. Botero that he intended to retire in 2005.
11. On June 16, 2004, Dr. Botero performed a single-level fusion at L5-S1 to treat the degenerative conditions of plaintiff's low back. During the history and physical examination performed prior to surgery, plaintiff did not mention a work-related injury to his back.
12. On July 19, 2004, plaintiff completed an intake sheet at Guilford Neurosurgical, following surgery and while he was still out of work. On that form, for the first time plaintiff indicated that he was injured on the job and was pursuing a workers' compensation claim. However, he described his injury as a "recurrence from prior surgery" and gave the date of injury as October 1998. Plaintiff did not indicate on the form that he was injured on the job on May 2, 2004, or that he was injured while connecting trailers. Plaintiff never told Dr. Botero that he hurt his back at work on May 2, 2004 moving a Jifflox, climbing in and out of his truck, or driving down the road. Dr. Botero first learned that plaintiff allegedly injured his back at work on May 2, 2004, when he was asked a hypothetical question by plaintiff's counsel during his deposition on May 26, 2005.
13. Dr. Botero testified that plaintiff had evidence of a recurrent herniated disc without a specific injury and that the herniation could have developed spontaneously with no known cause. Dr. Botero stated that if the incident did not occur on May 2, 2004 as plaintiff described, he could not say to any degree of medical probability what caused the recurrent herniated disc he diagnosed in May 2004. He opined that it was just as probable that plaintiff's herniated disc resulted from some unknown event, as it was that it resulted from trauma. Plaintiff was still under Dr. Botero's care at the time of his deposition and Dr. Botero anticipated that plaintiff would be able to return to some level of work.
14. The Commission does not find credible plaintiff's testimony that he sustained an injury by accident or specific traumatic incident of the work assigned on May 2, 2004. Plaintiff did not describe any work-related injury on May 2, 2004 to his wife, defendant-employer, or Dr. Botero until the Deputy Commissioner's hearing. Plaintiff should have been fully aware of the consequences of not accurately and timely reporting work injuries, due to his experience with prior litigation. Rather than describing an incident that occurred while on the trip to Greenville, South Carolina, on Dr. Botero's intake form on May 24, 2004, plaintiff specifically denied being injured on the job and indicated that he did not know how his condition developed. On a subsequent intake form completed in July 2004, plaintiff described his injury as a "recurrence from prior surgery" and gave the date of injury as October 1998.
15. The Commission finds that plaintiff did not show by the greater weight of the evidence that he sustained an injury by accident or specific traumatic incident of his assigned work with defendant-employer on May 2, 2004. Plaintiff did not relate his increase in back pain to any specific activity he performed. In fact, he had experienced daily back pain of varying intensity since 1989. The evidence fails to show that plaintiff was performing any work duties that could be construed to be an interruption of his normal work routine so as to constitute an injury by accident. In addition, the greater weight of the evidence fails to show that plaintiff sustained any incident that occurred within a cognizable time, but, rather, shows that plaintiff's back condition deteriorated gradually over time.
16. In that plaintiff did not file a Form 18 until October 11, 2004, almost three years after the last payment of compensation, plaintiff's claim for a change in condition from his injury on October 3, 1998, was not timely filed and is barred by N.C. Gen. Stat. § 97-47. The medical evidence of record also fails to establish that plaintiff underwent a substantial change in condition from his injury by accident on October 3, 1998.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned with defendant-employer on May 2, 2004. N.C. Gen. Stat. § 97-2(6); Causby v. Bernhardt FurnitureCo., 83 N.C. App. 650, 351 S.E.2d 106 (1986).
2. Plaintiff failed to establish through medical evidence that he had a substantial change in condition from his injury on October 3, 1998. Assuming arguendo that plaintiff underwent a change in condition from his injury of October 3, 1989, plaintiff's claim is barred by N.C. Gen. Stat. § 97-47 because plaintiff filed his claim more than two years after the date the last payment of compensation was received by plaintiff. Plaintiff received his last payment of compensation from his October 3, 1998 injury in November 2001. Plaintiff did not file a claim for an alleged change in condition until he filed his Form 18 in the present case on October 11, 2004. N.C. Gen. Stat. § 97-47.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall pay its own costs, except defendant shall also pay an expert witness fee of $425.00 to Dr. Botero if not paid by prior order.
This __ day of August 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER