***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission AFFIRMS with some modifications, the Opinion and Award of Deputy Commissioner Rowell.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were *Page 2 
entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer.
3. The named employer is self-insured.
4. The plaintiff's average weekly wage is $499.60, yielding a compensation rate of $299.75.
5. The following exhibits were stipulated into evidence:
 a. Stipulated Exhibit #1, Pre-Trial Agreement, as modified and initialed by the parties.
 b. Stipulated Exhibit #2, Plaintiff's medical records.
 c. Stipulated Exhibit #3, Industrial Commission Forms.
 d. Stipulated Exhibit #4, Defendant's answers to discovery.
6. The issues before the Commission are whether plaintiff contracted a compensable occupational disease on December 25, 2005 and, if so, to what benefits is plaintiff entitled; and whether plaintiff sustained an injury by accident on July 26, 2007 and, if so, to what benefits is plaintiff entitled.
 ***********
Based upon the competent evidence of the record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the alleged injuries, plaintiff was employed with defendant-employer *Page 3 
as a truck driver/asphalt worker.
2. Plaintiff's duties included truck driving, picking up dead animals off the road, doing asphalt patchwork and laying asphalt. His duties were split in half between driving a truck and asphalt work.
3. Plaintiff filed a Form 18 dated November 28, 2007 reporting an injury date of December 25, 2005. Defendant denied this claim on a Form 61 dated December 13, 2007. This claim is I.C. No. 827126.
4. Plaintiff also filed a Form 18 reporting a second date of injury of July 26, 2007, when he passed out as a result of asphalt fumes and heat. Defendant denied this claim on a Form 61 dated August 10, 2007. This claim is I.C. No. 790767.
5. Plaintiff began having breathing problems and first sought treatment for his breathing problems on December 25, 2005. Plaintiff presented to the Emergency Room at Craven Regional Medical Center where his chief complaint was chest pain with shortness of breath.
6. A chest CT scan taken on December 25, 2005, revealed that plaintiff had occasional small bullae in both lungs consistent with chronic obstructive pulmonary disorder (COPD).
7. Plaintiff returned to Craven Regional Medical Center on December 28, 2005. Plaintiff continued to smoke a half pack of cigarettes a day. He was admitted to the hospital as a result of shortness of breath and reactive airway disease.
8. On January 5, 2006 plaintiff saw his primary physician, Dr. Gurinder Sandhu. Plaintiff smoked half a pack of cigarettes per day at that time. Dr. Sandhu diagnosed plaintiff with COPD and referred him to Dr. Richard Mann, a pulmonologist, for an evaluation.
9. Plaintiff first presented to Dr. Mann on January 13, 2006. Plaintiff smoked *Page 4 
cigarettes for thirty years. Dr. Mann diagnosed plaintiff with developing chronic obstructive pulmonary disease due to ongoing cigarette consumption. Dr. Mann counseled plaintiff on smoking cessation.
10. Dr. Mann again diagnosed plaintiff on February 26, 2007 with frequent exacerbations of mild COPD secondary to ongoing cigarette consumption. Plaintiff made frequent visits to the Craven Regional Medical Center Emergency Department. Dr. Mann stated that "[u]nfortunately, he continues to smoke and has no immediate plans for smoking cessation."
11. Dr. Mann stated that the exposure to the asphalt fumes exacerbated plaintiff's underlying respiratory condition. However, Dr. Mann was unable to state whether the exposure to the fumes caused plaintiff's condition. Dr. Mann further stated that plaintiff's work duties did not place plaintiff at a higher risk of developing COPD than the average person.
12. Dr. Sandhu stated that to a reasonable degree of medical certainty, working with asphalt could have aggravated plaintiff's COPD. However, Dr. Sandhu could not testify with reasonable certainty that plaintiff's working with asphalt placed plaintiff at an increased risk of developing COPD. Dr. Daniel Paul, plaintiff's primary care physician, stated that working with asphalt could have contributed to plaintiff's COPD symptoms, but he was unable to state with any certainty that plaintiff's work with asphalt could have caused his COPD.
13. Plaintiff stopped smoking on or about mid-March 2007 for a short time after being hospitalized. Plaintiff began smoking again. Plaintiff stopped smoking in July 2007, again after being hospitalized for heat exhaustion and syncope.
14. Plaintiff sustained frequent exacerbations of his COPD after which he presented to an emergency room. Dr. Mann stated that "Unfortunately, once the bronchial tubes become inflamed, the process can be self-perpetuating and even after the original insult is ended, the *Page 5 
cigarette smoking stops, problems with the condition can continue." Dr. Sandhu also stated that COPD gets worse over time.
15. Plaintiff smoked between a half a pack and a pack of cigarettes per day from the time he was thirteen years old until he was forty-three.
16. Based on the greater weight of the medical evidence, the Commission finds that plaintiff's position as a truck driver/asphalt worker for defendant-employer did not put him at an increased risk for developing COPD that members of the general public not so exposed and, therefore, plaintiff did not contract a compensable occupational disease.
17. Plaintiff did not describe anything unusual or untoward which occurred while he was performing his job on December 25, 2005 or July 26, 2007. The evidence shows that plaintiff was performing his job duties in the normal manner at all times. Therefore, plaintiff did not sustain a compensable injury by accident on either date.
 ***********
Based on the above Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Worker's Compensation Act, in order to receive any benefits, the claimant bears the burden of presenting credible and convincing evidence to prove each and every aspect of his claim by a preponderance of the evidence. See Causby v. Bernhardt FurnitureCo., 83 N.C. App. 650, 351 S.E.2d 106 (1986); Blalock v.Roberts Co., 12 N.C. App. 499, 183 S.E.2d 827 (1971). Specifically, the employee-plaintiff bears "the burden of proving each and every element of compensability." Harvey v. RaleighPolice Dep't, 96 N.C. App. 28, 35, 384 S.E.2d 549, 553 (1989). Plaintiff has failed to carry his burden in his claims to show an *Page 6 
occupational disease or injury by accident.
2. In order to prevail under N.C. Gen. Stat. § 97-53(13), an employee-plaintiff must prove that he has contracted a disease "which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment."
3. "A disease is `characteristic' of a profession when there is a recognizable link between the nature of the job and an increased risk of contracting the disease in question." Booker v. DukeMedical Center, 297 N.C. 458, 472, 256 S.E.2d 189, 198 (1979). "[O]rdinary diseases of life to which the general public is exposed equally with workers in the particular trade or occupation are excluded." Rutledge v. Tultex Corp.,308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983). In order to prove the first two elements of N.C. Gen. Stat. § 97-53(13), an employee must demonstrate that, "as a matter of fact, the employment exposed the worker to a greater risk of contracting the disease than the public generally." Id. at 93-94, 301 S.E.2d at 365. In addition, "the final requirement in establishing a compensable claim under subsection (13) is proof of causation." Booker v. DukeMedical Center, supra at 475, 256 S.E.2d at 200. To establish the causation element, an employee must prove that the employment exposure to the disease at issue "significantly contributed to, or was a significant causal factor in, the disease's development." Rutledge v. Tultex Corp.,supra at 101, 301 S.E.2d at 369.
4. Plaintiff has failed to show that his chronic obstructive pulmonary disorder (COPD) resulted from causes and conditions characteristic of and peculiar to his employment as a truck driver/asphalt worker for defendant-employer or that his employment as a truck driver/asphalt worker exposed him to a greater risk of contracting COPD than the public *Page 7 
generally. Rather, the evidence shows that plaintiff's COPD is the result of smoking for approximately thirty years between a half a pack and a pack of cigarettes a day.
5. An aggravation of plaintiff's pre-existing COPD is not compensable as an occupational disease. Aggravation of a pre-existing condition does not satisfy the three-point criteria of the Rutledge test for an occupational disease. Futrell v.Resinall Corp., 151 N.C.App. 456, 566 S.E.2d 181 (2002),aff'd per curiam, 357 N.C.App. 158, 579 S.E.2d 269 (2003). Evidence that work conditions aggravated or contributed to the employee's condition go only to the third element of theRutledge test. Id. Proof of aggravation of the pre-existing condition does not remove the burden of the employee to establish that his employment exposed him to a greater risk of "contracting" the disease. Id.
6. Plaintiff did not describe anything unusual or untoward in the performance of his job on December 25, 2005 or July 26, 2007. The evidence shows that plaintiff was performing his job duties in the normal manner at all times. Consequently, he did not sustain an injury by accident for either of his claims. Poe v. AcmeBuilders, 69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C.762, 321 S.E.2d 143 (1984).
7. Plaintiff is therefore entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2(6), 97-53(13).
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claims must be, and hereby are, DENIED.
2. Each side shall bear its own costs. *Page 8 
This 9th day of February, 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1